25CA0534 Peo in Interest of Twomey 07-03-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0534
Pueblo County District Court No. 22MH400
Honorable Allison P. Ernst, Judge

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of Richard Hugh Twomey,

Respondent-Appellant.

---

ORDER AFFIRMED

Division II
Opinion by JUDGE FOX
Harris and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 3, 2025

---

Cynthia Mitchell, County Attorney, Kate H. Shafer, Special Assistant County
Attorney, Pueblo, Colorado, for Petitioner-Appellee

Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant

¶ 1    Richard Hugh Twomey appeals the district court's order authorizing staff at the Colorado Mental Health Hospital in Pueblo (CMHHIP) to involuntarily administer medication to him. He contests the sufficiency of the evidence supporting the order. We affirm.

## I.    Background

¶ 2    Twomey was committed to CMHHIP in 2022 after he was found not guilty by reason of insanity in a criminal case. He is currently confined there and has been diagnosed as suffering from schizoaffective disorder, bipolar type. His symptoms include depression; increased energy; decreased need for sleep; intrusiveness; auditory hallucinations; and grandiose, paranoid, and religious delusional beliefs. He has a history of refusing medications and when untreated or undertreated, his mental health significantly deteriorates.

¶ 3    In March 2025, the CMHHIP psychiatrist responsible for Twomey's care and treatment, Dr. Paul Mattox, M.D., sought an order authorizing involuntary medications. Namely, Dr. Mattox sought the involuntary administration of quetiapine (Seroquel), valproic acid (Depakote/Depakene), and chlorpromazine

(Thorazine).  Although Twomey had expressed a willingness to voluntarily take medication when he met with Dr. Mattox, Dr. Mattox represented that "it is unlikely his consent will be maintained given his history of refusing medications, especially when he decompensates."

¶ 4      Consistent with *People v. Medina*, 705 P.2d 961 (Colo. 1985), the People filed a petition asserting that (1) Twomey is incapable of effectively participating in decisions affecting his health and treatment; (2) the requested treatment is necessary to prevent a significant and likely long-term deterioration in his mental health condition or to prevent the likelihood of him causing serious harm to himself or others; (3) a less intrusive treatment alternative is not available; and (4) Twomey's need for treatment is sufficient to override any bona fide and legitimate interest he has in refusing treatment.

¶ 5      At a hearing on the People's petition, the district court heard testimony from Twomey and Dr. Mattox and considered Dr. Mattox's affidavit in support of involuntary medications, which was admitted into evidence without objection.  At the end of the hearing, the court found that Dr. Mattox testified credibly and persuasively.

2

The court concluded that the People had proved all four *Medina* elements and issued an order authorizing the hospital staff to administer the requested medications to Twomey against his will.

## II. Standard of Review

¶ 6 When, as here, a patient challenges the sufficiency of the evidence supporting an involuntary medication order, we review the district court's legal conclusions de novo but defer to its factual findings if they have record support. *People v. Marquardt,* 2016 CO 4, ¶ 8. We view the evidence as a whole and in the light most favorable to the petitioning party, leaving the resolution of testimonial conflicts and the determination of witness credibility solely to the fact finder. *People in Interest of Uwayezuk*, 2023 COA 69, ¶ 57; *People in Interest of R.C.*, 2019 COA 99M, ¶ 7. As the fact finder, the district court determines the sufficiency, probative effect, and weight of the evidence, along with the inferences and conclusions to be drawn therefrom. *R.C.*, ¶ 7.

## III. Discussion

¶ 7 A district court may order the involuntary administration of medication to a patient only if the People prove, by clear and convincing evidence, each of the four elements outlined in *Medina*.

705 P.2d at 973. Twomey does not contest the second, third, or fourth *Medina* elements. He contends only that the evidence presented at the hearing was insufficient to prove the first element — namely, that he is incompetent to effectively participate in the treatment decision. We are not persuaded.

¶ 8     At the hearing, Twomey testified that he was willing to take the requested medications as needed. However, he did not acknowledge the severity of his mental illness, instead indicating that he was "severely misdiagnosed" and asserting that he just has "some depression." He denied ever having a manic episode, psychotic symptoms such as paranoia or auditory hallucinations, or any religious delusional beliefs. When asked if he ever believed satanists were after him or if people were stealing from him, he said, "Well, that kind of thing has been going around for years. It's like, I think, the, the staff members are pretty dirty around here. They're not, they're not doing the right and rejecting the wrong . . . ."

¶ 9     Dr. Mattox testified that Twomey has only "partial insight" into his mental illness. When he is stable and well, he acknowledges that he has a mental illness, needs medication treatment, and will

4

continue to take medications. However, when he becomes ill, he often refuses medications, whether increased dosages or the addition of new medications required to keep him stable. Dr. Mattox testified that he has known Twomey for many years since he was admitted to CMHHIP. In that time, Dr. Mattox has observed a pattern where Twomey's mental health improves and stabilizes, but then he regresses, refusing medication adjustments and displaying significant symptoms of his mental illness. Consequently, Dr. Mattox opined, Twomey is incompetent to effectively participate in decisions affecting his health, including the decision of whether psychiatric medications are required.

¶ 10 The court credited Dr. Mattox's testimony; thus the record supports the court's finding that Twomey is incompetent to effectively participate in decisions regarding his treatment. *R.C.*, ¶ 7; *see People v. Pflugbeil*, 834 P.2d 843, 846-47 (Colo. App. 1992) (physician's testimony alone may constitute clear and convincing evidence).

¶ 11 Nonetheless, Twomey asserts that his "history is irrelevant to his current ability to participate in treatment decisions." But Dr. Mattox testified that recently, Twomey had begun to display

behaviors that concerned Dr. Mattox and made him think Twomey's medication would need adjustment. In particular, Dr. Mattox testified that Twomey was displaying early signs that his psychotic symptoms might be returning or might not be fully treated. Twomey grabbed an orange juice and drank it, notwithstanding a listed allergy to oranges; when staff attempted to redirect him, he became paranoid, accusing them of violating his HIPAA rights.

¶ 12   Under these circumstances, and given the district court's superior position to assess credibility, we will not disturb the court's order.

## IV.   Disposition

¶ 13   The order is affirmed.

JUDGE HARRIS and JUDGE SCHUTZ concur.